I do not think the Montgomery ordinance prohibiting sleeping in a vehicle on a public street is unconstitutionally vague. First, the ordinance gives fair notice of exactly what conduct is forbidden. Second, while the enforcement of the ordinance is subject to the discretion of the police, the testimony in this case conclusively proved that that discretion was exercised in a rational, rather than a "standardless," "arbitrary," or "unfettered" manner.
The arresting officer testified that although he had the authority under the ordinance to arrest anyone who was sleeping in a vehicle, he in fact arrested only those persons, such as the appellant, who were too intoxicated to drive away. The officer's discretion to make an arrest under the ordinance was governed by his distinction between fatigued persons — who would present no danger to the public if awakened and asked to drive away — and intoxicated persons — who would constitute a menace on the public roads if awakened and asked to drive away. That kind of measured discretion, guided by rational and easily ascertained criteria, simply does not constitute the "standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections" condemned inKolender v. Lawson, 461 U.S. 352, 358, 103 S.Ct. 1855, 1858,75 L.Ed.2d 903 (1983), or the "moment-to-moment opinions of a policeman on his beat" denounced in Shuttlesworth v. City ofBirmingham, 382 U.S. 87, 90, 86 S.Ct. 211, 213, 15 L.Ed.2d 176
(1965) (quoting Cox v. Louisiana, 379 U.S. 536, 579,85 S.Ct. 453, 469, 13 L.Ed.2d 471 (1965) (opinion of Black, J.).
In the absence of any evidence that the ordinance has been or is being arbitrarily enforced, I would find the statute constitutional on its face and as applied to the appellant.